JACOB D. BUNDICK, ESQ.
Nevada Bar No. 9772
**GREENBERG TRAURIG, LLP**
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
Telephone: (702) 792-3773
Fax: (702) 792-9002
Email: bundickj@gtlaw.com

DANIEL J. TYUKODY, ESQ.
(*Admitted pro hac vice*)
**GREENBERG TRAURIG, LLP**
1840 Century Park East, 19th Floor
Los Angeles, California 90067
Telephone: (310) 586-7700
Email: tyukodyd@gtlaw.com

*Counsel for Defendants*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ANDRZEJ TOCZEK, derivatively on behalf of PAYSIGN, INC., <br><br> Plaintiff, <br><br> vs. <br><br> MARK R. NEWCOMER, MARK ATTINGER, DANIEL H. SPENCE, JOAN M. HERMAN, DAN R. HENRY, BRUCE A. MINA, DENNIS TRIPLETT, and QUINN WILLIAMS, <br><br> Defendants, <br><br> and <br><br> PAYSIGN, INC., <br><br> Nominal Defendant. | Case No. 2:20-cv-01722-JCM-NJK <br><br> **[PROPOSED] SCHEDULING ORDER AND PRELIMINARY APPROVAL ORDER** |

WHEREAS, this matter came before the Court for a hearing on August 28, 2025 in connection with the parties' request that the Court grant preliminary approval to a proposed settlement of several shareholder derivative actions now consolidated under the above caption, *Toczek v. Newcomer, et al.*, Case No. 2:20-cv-01722-JCM-NJK. At the hearing, upon the request of all parties as represented by counsel, the Court consolidated the case known as *Blanchette v. Paysign, Inc., et al.*, Case No. 2:23-cv-01632-JCM-BNW (D. Nev.) into the *Toczek* case and has issued a subsequent Order closing the *Blanchette* case.

WHEREAS, at the August 28 hearing, from the bench the Court said it would grant the unopposed motion (Dkt. No. 26), pursuant to Rule 23.1 of the Federal Rules of Civil Procedure, for an order preliminarily approving the proposed settlement (the "Settlement") of stockholder derivative claims brought on behalf of Paysign, Inc. ("Paysign" or the "Company"), in accordance with the Stipulation and Agreement of Settlement dated November 25, 2024 (the "Stipulation")[1] and directed the parties to submit a proposed "Scheduling Order" that would delineate the parties' respective obligations going forward pursuant to the Settlement.

WHEREAS, while the Court issued a minute order approving the Settlement following the August 28 hearing, it did not sign the proposed "Preliminary Approval Order" (Dkt. No. 26-1, Ex. B). Therefore, the parties request that the Court sign this "[Proposed] Scheduling Order and Preliminary Approval Order" as of this date, September 4, 2024, in order to provide measuring date certainty. All other dates in this Scheduling Order follow therefrom.

/ / /

/ / /

/ / /

---

[1] Except as otherwise expressly provided below or as the context otherwise requires, all capitalized terms contained herein shall have the same meanings and/or definitions as set forth in the Stipulation.

1

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

1. The Court orders the following schedule pursuant to the Stipulation and the [Proposed] Scheduling Order:

| | |
|---|---|
| **September 15, 2025** (*i.e.*, within ten days of the submission of this Preliminary Approval Order) | Paysign shall (1) post a copy of the Notice and the Stipulation on the Investor Relations page of its website; (2) publish the Summary Notice in a press release; and (3) file the Notice as exhibits to an SEC Form 8-K. |
| **September 24, 2025** (*i.e.*, within twenty days of the submission of this Preliminary Approval Order) | Defendants' counsel shall file an affidavit with respect to the filing, publishing, and posting of the notice of Settlement. |
| **October 17, 2025** | Deadline for filing of Plaintiffs' motion for final approval of the Settlement |
| **October 24, 2025** | Deadline for filing of written objections to the Settlement (*see* Paragraph 9). |
| **November 7, 2025** | Deadline for filings in response to any objections to the Settlement |
| **November 14, 2025, at 1:00 p.m.** | Final Settlement Hearing (*see* Paragraph 2). |

2. The Final Settlement Hearing shall be held before the Honorable Richard F. Boulware II at the United States District Court for the District of Nevada, Las Vegas Division, 333 Las Vegas Boulevard South, Las Vegas, Nevada 89101, at which the Court will determine: (i) whether the terms of the Stipulation should be approved as fair, reasonable, and adequate; (ii) whether the Notice and Summary Notice fully satisfied the requirements of Rule 23.1 of the Federal Rules of Civil Procedure and the requirements of due process; (iii) whether all Released Claims against the Released Persons should be fully and finally released; (iv) whether the agreed-to Fee and Expense Amount should be approved; (v) whether Service Awards payable from the Fee and Expense Amount to the four named Plaintiffs should be approved; and (vi) such other matters as the Court may deem appropriate.

3.  The Court finds, upon a preliminary evaluation, that the proposed Settlement falls within the range of possible approval criteria, as it provides a beneficial result for Paysign and appears to be the product of serious, informed, non-collusive negotiations overseen by an experienced mediator.

4.  The Court finds that the form, substance, and dissemination of information regarding the proposed Settlement in the manner set out in this Preliminary Approval Order constitutes the best notice practicable under the circumstances and complies fully with Rule 23.1 of the Federal Rules of Civil Procedure and due process.

5.  All costs incurred in the filing, posting, and publication of the notice of the Settlement shall be paid by Paysign, and Paysign shall undertake all administrative responsibility for the filing, posting, and publication of the notice of the Settlement.

6.  All Current Paysign Stockholders shall be subject to and bound by the provisions of the Stipulation and the releases contained therein, and by all orders, determinations, and judgments in the Derivative Actions concerning the Settlement, whether favorable or unfavorable to Current Paysign Stockholders.

7.  Pending final determination of whether the Settlement should be approved, Plaintiffs and Paysign stockholders shall not commence, institute, or prosecute against any of the Released Persons any action or proceeding in any court or tribunal asserting any of the Released Claims.

8.  Any stockholder of Paysign common stock may appear and show cause, if he, she, or it has any reason why the Settlement embodied in the Stipulation should not be approved as fair, reasonable, and adequate, or why a judgment should or should not be entered hereon, or the Fee and Expense Amount or Service Awards should not be awarded. However, no Paysign stockholder shall be heard or entitled to contest the approval of the Settlement, or, if approved, the Judgment to be entered thereon, unless that Paysign stockholder has caused to be filed, and served on counsel as noted below: (i) a written notice of objection with the case name and number (*Toczek v. Newcomer*

*et al*, Case No. 2:20-cv-01722-JCM-NJK (D. Nev.)); (ii) the Person's name, legal address, and telephone number; (iii) notice of whether such Person intends to appear at the Final Settlement Hearing and the reasons such Person desires to appear and be heard, and whether such Person is represented by counsel and if so, contact information for counsel; (iv) competent evidence that such Person held shares of Paysign common stock as of the date of the Stipulation and continues to hold such stock as of the date the objection is made, including the date(s) such shares were acquired; (v) a statement of objections to any matters before the Court, the grounds therefor, as well as all documents or writings such Person desires the Court to consider; and (vi) the identities of any witnesses such Person plans on calling at the Final Settlement Hearing, along with a summary description of their expected testimony.

9. By October 24, 2025, any such Person must file the written objection(s) and corresponding materials with the Clerk of the Court, United States District Court for the District of Nevada, Las Vegas Division, 333 Las Vegas Boulevard South, Las Vegas, Nevada 89101 and serve such materials by that date, on each of the following Parties' counsel:

| *Counsel for Plaintiffs:* | *Counsel for Defendants:* |
|---|---|
| **THE BROWN LAW FIRM, P.C.**<br>Timothy Brown<br>767 Third Avenue, Suite 2501<br>New York, NY 10017<br>Telephone: (516) 922-5427<br>Email: tbrown@thebrownlawfirm.net | **GREENBERG TRAURIG, LLP**<br>Daniel J. Tyukody<br>1840 Century Park East, 19th Floor<br>Los Angeles, CA 90067<br>Telephone: (310) 586-7700<br>Email: tyukodyd@gtlaw.com |

10. Only stockholders who have filed with the Court and sent to the Parties' counsel valid and timely written notices of objection and notices of appearance will be entitled to be heard at the hearing unless the Court orders otherwise.

11. Any Person or entity who fails to appear or object in the manner provided herein shall be deemed to have waived such objection and shall forever be

4

foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement and to the Fee and Expense Amount and Service Awards, unless otherwise ordered by the Court, but shall be forever bound by the Judgment to be entered and the releases to be given as set forth in the Stipulation.

12. All proceedings in the Derivative Actions are stayed until further order of the Court, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation.

13. This Court may, for good cause, extend any of the deadlines set forth in this Preliminary Approval Order without further notice to Paysign stockholders.

14. Neither the Stipulation, nor any of its terms or provisions, nor entry of the Judgment, nor any document or exhibit referred or attached to the Stipulation, nor any action taken to carry out the Stipulation, is, may be construed as, or may be used as evidence of the validity of any of the claims released herein or an admission by or against the Individual Defendants of any fault, wrongdoing, or concession of liability whatsoever.

15. The Court may, in its discretion, change the date and/or time of the Final Settlement Hearing without further notice to Current Paysign Stockholders and reserves the right to hold the Final Settlement Hearing telephonically or by videoconference without further notice to Current Paysign Stockholders. Any Current Paysign Stockholder (or his, her or its counsel) who wishes to appear at the Final Settlement Hearing should consult the Court's calendar and/or the Investor Relations page of Paysign's website for any change in the date, time, or format of the Final Settlement Hearing.

**IT IS SO ORDERED,** *nunc pro tunc* as of September 4, 2025.

**DATED** this 7th day of October, 2025.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**

5